UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-80 (RMU) |
| | : | |
| VICTOR O. PELLOT | : | |

**DEFENDANT'S SECOND SUPPLEMENTAL**
**MEMORANDUM IN AID OF SENTENCING**

Defendant, Victor O. Pellot, through undersigned counsel, Stephen F. Brennwald, respectfully submits this Second Supplemental Memorandum in Aid of Sentencing in light of our Court of Appeals' recent decision in *United States v. Pickett*, (D.C. Cir. 2/13/07). The sentencing hearing in this matter is scheduled for March 27, 2007.

**BACKGROUND**

On January 15, 2007, Victor O. Pellot timely filed a Supplemental Memorandum in Aid of Sentencing. That memorandum noted that as part of a plea agreement, the defendant acknowledged that he was accountable for 274.6 grams of cocaine base and .25 grams of cocaine hydrochloride. Mr. Pellot was to receive a 3-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1(a) & (b), and the government agreed that he should be sentenced under the "Safety Valve" provision, pursuant to U.S.S.G. § 5C1.2. His adjusted base offense level, therefore, would have been 29, and because he has no criminal history, the guideline range would have been 87 to 108 months. *See* PSI, page 3, ¶¶ 3, 4.

The memorandum went on to describe reasons for a sentence of 60 months.

About one month after defendant filed his supplemental memorandum, the United

States Court of Appeals for the District of Columbia Circuit issued its opinion in *United States v. Pickett* (D.C. Cir. 2/13/07). *Pickett* specifically addressed use of the guidelines in sentencing defendants – like Victor Pellot – who are charged with cocaine base offenses. The defendant feels compelled to update his memorandum accordingly.

## DISCUSSION OF UNITED STATES v. PICKETT

In *United States v. Pickett*, the Court of Appeals was asked to decide whether it was error for a sentencing judge to "ignore how the 100-to-1 ratio affects [the judge's consideration of the factors set forth in 18 U.S.C. § 3553(a)]…in crack cocaine cases." *Pickett*, at 2.

At Pickett's sentencing hearing, the judge declined to rule on the crack/powder disparity, noting that one or more of his colleagues had already decided the issue, and that the matter would be decided by the Court of Appeals. The judge then sentenced Pickett to a sentence within the Guideline range.

In its opinion in *Pickett*, the Court of Appeals reviewed the history of the United States Sentencing Guidelines, and explained the eventual adoption of the 100-to-1 crack/powder disparity in the Guidelines. It noted that soon after the Sentencing Commission issued its quantity-based approach drug Guideline, "it…became clear that with respect to cocaine, the Guideline's use of the 100-to-1 ratio between powder and crack cocaine raised significant problems." *Pickett*, at 6 (citation omitted).

The court went on to point out that "[a]s a result of the Guideline, 'the sentencing guideline range (based solely on drug quantity) is three to over six times longer for crack cocaine offenders than powder cocaine offenders with equivalent drug quantities…'" *Id.*, *quoting* U.S. Sentencing Comm'n, Cocaine and Federal Sentencing Policy 11 (May

2002) ("2002 Report").

The Court noted that "[w]ith respect to all drug trafficking offenses, the emphasis on drug quantity distorted the importance of that element as compared with other offense characteristics." *Id*. Again citing from the 2002 Report of the Sentencing Commission, the Court agreed that "[t]he current penalty structure…greatly overstates the relative harmfulness of crack cocaine." *Id*., citing the 2002 Report at 93.

After reciting the subsequent history of the issue, the Court examined the precise questions before it: Whether a sentencing judge may ignore the crack/powder disparity, and whether the judge should presume that the Guideline applicable to a particular crack offender is reasonable.

The Court noted that while

> § 3553(a) instructs sentencing courts to consider all these "multiple and vague factors" (citation omitted), neither the Supreme Court nor the statute assigns any weight or ranking to the factors. So how is a court to determine how much influence the factor we are concerned with — the advisory-only Guideline range — should have in sentencing a particular defendant? One might answer that the Guideline range should be considered presumptively reasonable. But that would be to confuse the standard this court and several others have adopted for appellate review (footnote omitted) with the standard to be applied by the sentencing court. **A sentencing judge cannot simply presume that a Guidelines sentence is the correct sentence**. To do so would be to take a large step in the direction of returning to the pre-*Booker* regime.

*Pickett*, at 11-12 (emphasis added).

The court concluded that a court may not ignore the crack/powder disparity, and ruled that the "correct [view] is to evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in § 3553(a)." *Id*.

The Sentencing Commission itself recommended, in 1995, that the crack/powder

difference be eliminated. *See* 60 Fed. Reg. 25,074 (May 10, 1995). Congress rejected the Commission's proposal, and asked the Commission to study the matter further. *See* Pub. L. No. 104-38, 109 Stat. 334 (Oct. 30, 1995). Two years later, the Commission came back with the recommendation of a 5-to-1 ratio. U.S. Sentencing Comm'n, Cocaine and Federal Sentencing Policy 9 (Apr. 1997). Despite the Commission's recommendation, Congress did not amend the law.

In 2002, the Commission recommended a 20-to-1 ratio. *See* 2002 Report at A1-A10. Again, Congress took no action on that recommendation. The same result obtained in 2004: The Commission recommended a change to the ratio, and Congress took no action.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), however, the guidelines became "effectively advisory." *Id*. at 245. As such, the guidelines were thereafter merely one of many factors to be considered at sentencing. *Pickett*, at 9, and a court was "no longer…tied to the sentencing range indicated in the Guidelines," *Cunningham v. California*, No. 05-6551 (U.S. Jan. 22, 2007).

Thus, after *Booker*, "a sentencing court in any one case will be considering many of the same factors the Sentencing Commission took into account in formulating the Guidelines for all cases." *Pickett*, at 9. "**One, but only one**, of the factors sentencing courts must also consider is the sentencing range under the Guidelines." *Pickett*, at 10.

The essential holding of *Pickett*, however, is that the sentencing range established in the Guidelines is ***not presumptively reasonable***, and is but ***one of many factors*** this Court must consider when determining a sentence that is "sufficient but not greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a).

Moreover, the Guidelines, according to the Commission itself, overstate the seriousness of offenses committed by non-violent, as opposed to violent, crack offenders.

Other courts have determined that the way to rationally correct this disparity is to apply a crack/powder ratio of 20-to-1. This is especially true when sentencing a defendant with no history of violence, because § 2D1.1 of the Guidelines treats "all crack cocaine offenders as if they committed [harmful conduct such as violence], even though most crack cocaine offenders in fact had not." *Pickett*, at 13 (citing 2002 Report).

Thus, if for no other reason than the Guidelines' presumption of violence with respect to all crack offenders, a sentencing court should not, when sentencing a "crack defendant" with no history of violence or of weapons possession whatsoever, conclude that the standard crack cocaine Guideline range is rational or appropriate. Rather, a ratio of 20-to-1, while still too high in the defendant's view, at least realistically distinguishes between violent and non-violent crack offenders.

In Mr. Pellot's case, a 20-to-1 disparity would, based on drug quantity,[1] yield a preliminary offender score of 30, and a Total Offense level, after adjustments, of 25.

With a Criminal History of I, Mr. Pellot's sentencing range, under the advisory-only Guidelines, becomes 57 to 71. Thus, the proposed 60-month sentence falls well within the more appropriate range determined by a more rational 20-to-1 ratio.[2] And because this Court is not bound by the Guidelines at all, it may wish to sentence Mr.

---

[1] Under a 20-to-1 ratio, 275 grams of cocaine base would fall within the 200 to 300 gram cocaine base range, which, when multiplied by twenty, yields a range of 4000 to 6000 grams of cocaine powder. The closest range to 4000 to 6000 grams of cocaine powder is the 3500 to 5000-gram level, which produces an offense score of 30. While a strict multiplication of defendant's drug quantity by twenty yields a total of about 5,500 grams, which would place defendant at a level 32, defendant submits that the range that more closely approximates his drug quantity is the 3500 to 5000 gram range, not the 5000 to 15000 gram range.

[2] Defendant uses the words "more rational" because he still believes that a 20-to-1 ratio is much too high, and that a 5-to-1 ratio is more sensible. Although it is obviously difficult to quantify the varying levels of harm caused by crack cocaine and powder cocaine, the defendant submits that crack cocaine is not more than five times as harmful as powder cocaine.

Pellot to even less time than the sixty-months initially proposed before the *Pickett* decision.

## CONCLUSION

*Pickett* ultimately held that "it seems to us beyond a doubt that the district court erred in refusing to evaluate whether sentencing Pickett in accordance with Guidelines §2D1.1, and its 100-1 ratio, would effectuate the purposes of sentencing set forth in §3553(a)."

For the reasons set forth in defendant's earlier Supplemental Memorandum in Aid of Sentencing, as well as in this submission, Victor Pellot asks this Court to sentence him to a period of incarceration that the Court finds is no greater than necessary to accomplish the goals enumerated in § 3553(a), but in any event, to no more than 60 months in prison.

Respectfully submitted,

_____/s/_____
Stephen F. Brennwald
Bar No. 398319
Brennwald & Robertson, LLP
922 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
(202) 544-1990
(202) 544-5003 (facsimile)
sfbrennwald@cs.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was mailed, by ECF, to all counsel of record in this case.


_____/s/_____
Stephen F. Brennwald