UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-80 (RMU) |
| | : | |
| VICTOR OMAR PELLOT, | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in aid of sentencing. For the reasons set forth herein, the government recommends that the Court sentence the defendant within the Guidelines range calculated in the Pre-Sentence Report.

**I.    BACKGROUND**

On July 14, 2005, the defendant sold a confidential informant (CI) 31 grams of cocaine base for $950.00, in, Washington, D.C. On December 22, 2005, the defendant sold the CI 125 grams of cocaine base for $3,600.00, in Washington, D.C. On December 30, 2005, the defendant sold the CI an additional 125 grams of cocaine base for $3,600.00, in Washington, D.C. On January 12, 2006, the defendant agreed to sell the CI a ½ kilogram of cocaine for $15,000.00. The defendant showed the CI a ½ kilogram of cocaine which was being held by an unidentified co-conspirator. The CI gave a signal to police and the defendant was arrested. The ½ kilogram was not recovered, and only recovered was a small quantity of cocaine hydrochloride. The unidentified co-conspirator had fled, evidently with the ½ kilogram of cocaine base.

## II.    SENTENCING CALCULATION

### A.    Statutory Maximum

The defendant pled guilty to a one-count information charging him with Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(iii). The maximum sentence for the charge is life imprisonment with a mandatory minimum sentence of ten years imprisonment, five years of supervised release, and a fine in the amount of $4,000,000. The defendant is eligible to be sentenced pursuant to 18 U.S.C. Section 3553(e) and U.S.S.G. § 5C1.2 (Applicability of Statutory Minimum Sentences in Certain Cases).

### B.    Guidelines Calculation

The government and defendant agree with the Guidelines calculations utilized in the Pre-Sentence Report ("PSR"), which correctly calculated the defendant's total offense level at 29. See PSR ¶ 21. The PSR also correctly calculated the defendant's criminal history as Category 1. See PSR ¶ 24. The defendant is eligible for "safety-valve" treatment pursuant to the provisions of 18 U.S.C. Section 3553(e) and U.S.S.G. § 5 C1.2. The undersigned has met with the defendant and his attorney, and members of the Metropolitan Police Department. Based upon those meetings, it appears that the defendant has satisfied the criteria set forth in 18 U.S.C. Section 3553(e) and U.S.S.G. § 5C1.2. As such, this Court is no longer bound by the mandatory minimum sentence of 120 months. Therefore, the guideline range for the defendant is correctly calculated in the PSR as 87 to 108 months incarceration. See PSR ¶ 54. For the reasons set forth in Section III of this memorandum, the government respectfully recommends that the Court sentence the defendant to 87 months imprisonment.

III.     **SENTENCING RECOMMENDATION**.

In defendant's Second Supplemental Memorandum in Aid of Sentencing, the defendant requests that the Court sentence him to 60 months imprisonment, citing United States v. Pickett, _ F.3d _, 2007 WL 445937 (D.C. Cir. Feb. 13, 2007). Specifically, the defendant asks the Court to follow a "20-to-1" crack-to-powder formula in fashioning a 60-month imprisonment sentence for him. (Def. Sec. Supp. Sent. Memo. at 5). For the reasons set forth below, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 87 months.

**1. The Pickett Decision**

Lorenzo Pickett, after pleading guilty to distributing more than five grams of crack cocaine, in violation of 21 U.S.C. Section 841, was sentenced to 121 months, the low end of the applicable range of imprisonment established by the Sentencing Guidelines. United States v. Pickett, 05-3179, slip op. at 2 (D.C. Cir., Feb. 13, 2007). While not disputing that the Guidelines range of imprisonment was 121 to 151 months, Pickett had argued for a sentence below the range, in order to "take into account the unwarranted disparity between Guideline sentences based on the weight of crack as opposed to powder cocaine." Id. The sentencing judge refused to consider the issue, and Pickett appealed. Id. at 2-3.

In its discussion of the issue, the Court of Appeals noted that since their inception in 1987, the Sentencing Guidelines have set a 100-to-1 ratio with respect to determining sentences for cocaine powder and crack offenses. Id. at 5-6. That ratio requires, for example, that a defendant convicted of distributing 50 grams of crack cocaine be treated under the Guidelines the same as a defendant convicted of distributing 5000 grams of cocaine powder. Id. In the period before United States v. Booker, 543 U.S. 220 (2005), when the Guidelines were mandatory, a court considering the sentence

to be imposed for a crack cocaine violator could not depart downward from the applicable Guidelines range based on the disparity. Pickett, slip op. at 7. After Booker, the Guidelines range became only one factor out of several for a court to consider when imposing a sentence. Id. at 8-9.

As the Pickett court held, 18 U.S.C. Section 3553(a) sets out the factors that a sentencing court must consider in imposing sentence. Id. at 9-10. They are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
>
> (5) any pertinent policy statement issued by the Sentencing Commission . . . [;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

4

18 U.S.C. Section 3553(a). The Court of Appeals noted that neither the Supreme Court nor the statute has assigned any weight or ranking to these factors, and it was therefore unclear how much influence the Guidelines range should have when sentencing a defendant. Pickett, slip op. at 12. The Court held, however, that it would not be proper for a sentencing judge simply to presume that a Guidelines sentence is the correct sentence. Id.

Instead, a sentencing judge should "evaluate how well the applicable Guideline effectuates the purposes of sentencing enumerated in Section 3553(a)." Id. The purposes of sentencing, the Court suggested, are contained within 18 U.S.C. Section 3553(a), specifically at Section 3553(a)(2). Id. at 9 & n.4; see also 18 U.S.C. Section 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection.") (emphasis added).

The Pickett court then discussed how in the last 12 years the Sentencing Commission, with respect to the application of U.S.S.G. § 2D1.1 in crack cocaine cases, has been "one of its severest critics." Pickett, at 12. After quoting from the Commission's 2002 report to Congress on cocaine sentencing policy, the court concluded that the Sentencing Commission itself believes that this Guideline, at least with respect to crack distributors, "generates sentences that are greater than necessary, exaggerates the seriousness of the offense of crack trafficking, does not promote respect for the law and does not provide just punishment." Id. at 13-14. The Court then concluded that Pickett's sentencing judge had erred "in refusing to evaluate whether sentencing Pickett in accordance with Guideline § 2D1.1, and its 100-to-1 ratio, would effectuate the purposes of sentencing set forth in § 3553(a)." Id. at 14 (internal quotation marks omitted).

**2. Application of the Pickett Decision**

<u>Pickett</u> thus requires a sentencing judge to consider whether U.S.S.G. § 2D1.1's disparate treatment of crack cocaine and cocaine powder offenders effectuates the purposes of sentencing enumerated in 18 U.S.C. Section 3553(a)(2). Significantly, notwithstanding <u>Pickett</u>'s conclusion that the Commission believes the Guideline to be inconsistent with the sentencing statute, the Court of Appeals did <u>not</u> hold that the Guidelines itself was issued in violation of the Sentencing Commission's enabling statute, 28 U.S.C. Sections 991-998, a key provision of which requires the Commission to establish sentencing policies and practices that "assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2) of Title 18, U.S. Code." 28 U.S.C. Section 991(b)(1)(A); <u>see also</u> 28 U.S.C. Section 994(g) ("The Commission, in promulgating guidelines . . . to meet the purposes of sentencing set forth in Section 3553(a)(2) of Title 18, United States Code . . . .").

Accordingly, it is <u>not</u> the case that in all circumstances a sentence for a crack cocaine violation consistent with Section 2D1.1 will fail to effectuate the purposes of the sentencing statute. And in this particular case, involving the defendant Pellot, a sentence consistent with Section 2D1.1 does effectuate the purposes of the statute, in particular the purposes of having a sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by the defendant.

For instance, the defendant has argued that the crack cocaine Sentencing Guidelines overstate the seriousness of the offense here because "the Guidelines treats all crack cocaine offenders as if they committed [harmful conduct such as violence], even though most crack cocaine offenders in fact had not." Def. Sec. Supp. Sent. Memo. at 5. In this case, there are several reasons for

sentencing the defendant within the Guidelines range.

First, the defendant's criminal conduct was quite substantial. During the four drug transactions the defendant orchestrated, he either supplied large quantities of cocaine base, or was prepared to sell an immense amount of cocaine hydrochloride. The defendant conducted his trafficking business over, at least, a six month time period. At the drug transaction that resulted in the defendant's arrest, he was prepared to infuse another ½ kilogram of cocaine onto the streets of this community. The defendant's criminal conduct was more significant than the defendant in Pickett. Here, the defendant pled guilty to Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, whereas Pickett pled guilty to Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base. Furthermore, the defendant is accountable for 274.6 grams of cocaine base, whereas Pickett was only accountable for approximately 112 grams of cocaine base.

At the time the defendant committed these drug trafficking offenses, he was illegally living in the United States. By his own admission, the defendant entered the United States in 2002 on a temporary business visa. The defendant left the United States before the visa expired, but then re-entered the United States illegally. See PSR ¶ 30. The defendant has been utilizing a fictitious name while residing in the United States. See PSR at p. 7; and Def. Supp. Sent. Memo. at 1. Also, at the time of the offense, the defendant was unemployed, his sole source of income was selling drugs, and his January 12, 2006 drug transaction was going to net him $15,000. PSR ¶¶ 8, 43.

Finally, the defendant has received a substantial benefit prior to sentencing. First, the defendant received a 3-point reduction in his total offense level for acceptance of responsibility, and an additional 2-point reduction in total offense level based on the safety valve provision. Also, the

government has agreed not to oppose the defendant's request for a sentence at the low-end of the sentencing guidelines range (87 months imprisonment).

    **3. The Appropriate Sentence**

The Court should determine that application of the Guidelines effectuates the purposes of Section 3553(a). Although Pickett does not permit a sentencing judge to presume that a Guidelines sentence is the correct sentence, the opinion says nothing about the weight to be afforded the Guidelines sentence when applying all the factors in Section 3553(a). A sentence determined by the Guidelines is entitled to substantial deference by a sentencing judge.

In this case, the defendant has argued that his lack of a criminal record and his short time selling drugs justify a sentence below a Guidelines sentence. His lack of a criminal record, of course, is already directly factored into the Guidelines calculation. It is difficult to accept the defendant's contention that he sold drugs for a short period of time, based on the fact that he was involved in drug trafficking for over six months, each time he sold drugs the quantity was elevated, and his final drug sale was going to be for a ½ kilogram of cocaine. The defendant, at all times, was prepared to sell larger quantities of cocaine, with no concern how the drugs would effect the community.

In sum, all of the factors argued by the defendant are reasons for the Court to impose a sentence at the low end of the applicable Guidelines range, i.e., a term of 87 months of imprisonment.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

                    _____
                    ANTHONY SCARPELLI
                    Assistant United States Attorney
                    Organized Crime & Narcotic Trafficking Section
                    555 4th Street, N.W., Room 4816
                    Washington, D.C. 20530
                    (202) 353-1679

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Stephen F. Brennald, on this 20th day of March, 2007.

                    _____
                    ANTHONY SCARPELLI
                    ASSISTANT UNITED STATES ATTORNEY