Copies to: Judge
AUSA – Special Proceedings
Dft.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR OMAR PELLOT,            :

        Petitioner,    :

                       :

-vs-                           :

                       :   Case No. CR-06-080-01 RMU

UNITED STATES OF AMERICA,      :

        Respondent.    :

FILED

FEB 2 2 2008

Clerk, U.S. District and
Bankruptcy Courts

MOTION FOR REDUCTION OF SENTENCE
BASED ON GUIDELINE AMENDMENT
EFFECTIVE NOVEMBER 1, 2007, CONCERNING
COCAINE BASE("CRACK")

    **NOW COMES**, the Petitioner, moving <u>pro se</u>, and respectfully moves this Honorable Court, pursuant to 18 U.S.C.A. §3582(c)(2) and §1B1.10 of the United States Sentencing Guidelines, to reduced his sentence based upon the amendment of §2D1.1 of the United States Sentencing Guidelines which became effective November 1, 2007, concerning the base offense level in cocaine base("crack") cases.

   In support thereof, Petitioner states as follows:

   1. On March 27, 2007, the Petitioner was sentenced to a term of imprisonment of sixty four months, by this Honorable Court on one of Unlawful Possession with Intent to Distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A)(iii).

2. Pursuant to the Plea Agreement entered into between the United States Attorney and the Petitioner, the Presentence Report as adopted by this Honorable Court in the Judgment entered in this action, the quantity of cocaine base alleged to be involved in the Petitioner's case was 50 grams or more of cocaine base.

3. In exchange for the Petitioner's plea of guilty, the Government agreed to the following: the base offense level is decreased by three levels provided that the Petitioner continues to demonstrate acceptance of responsibility: the defendant is in Criminal History Category I because he has no prior convictions: and if the defendant satisfies the requirements in accordance with U.S.S.G. §5C1.2(Applicability of Statutory Minimum Sentences in Certain Cases), his adjusted base offense level will be 29. Therefore, the Petitioner will be exposed to a guideline range of 87 to 108 months. Further, the Government will not oppose the defendant's request for the low end of the sentencing guideline range(87 months).

4. Effective November 1, 2007, the cocaine base("crack") amendment adjust downward by two levels the base offense level assigned to each threshold quantity of cocaine base listed in the Drug Quantity Table in §2D1.1(Unlawful Manufacturing, Importing, Exporting, or Trafficking(Including Possession with Intent to Commit These Offenses): Attempt or Conspiracy). The amendment assigns for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory

mandatory minimum penalties for cocaine base. Accordingly, pursuant to the amendment, five grams of cocaine base are assigned a base offense level of 24(51 to 63 months at Criminal History Category I, which includes five-year(60 month) statutory minimum term of imprisonment for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year(120 months) statutory minimum for such offenses).

5. As established under 1B1.10 of the Sentencing Guidelines this amendment is to be applied retroactively.

6. When the Petitioner's base offense level is recalculated in accordance with the language of the amendment, the base offense level would be 27.

7. Under the Drug Quantity Table, as outlined in §2D1.1 of the Sentencing Guidelines, the base offense level of Unlawful Possession with Intent to Distribute 50 grams or more of Cocaine Base in violation of 21 U.S.C. §841(a)(1) is level 32.

8. Therefore, the Petitioner is entitled to be reduced under the retroactively applied amendment.

9. At the original sentencing, the Petitioner's offense level was reduced by three levels for acceptance of responsibility pursuant to §3E1.1 of the Sentencing Guidelines.

10. No other factors present justifying any other change in the computation of the Petitioner's offense level.

11. After the appropriate adjustments are calculated, the Petitioner's offense level for purposes of resentencing is Level 27, taking in consideration the Applicability of

Statutory Minimum Sentences in accordance with U.S.S.G. §5C1.2.

12. The Petitioner's criminal history computation remains a Category I as computed in the Presentence Report.

13. The appropriate guideline range for an Offense Level 27 with a Criminal History Category of I is 70 to 87 months.

14. If this Honorable Court maintains its position and imposes a sentence outside the advisory guideline system, coupled with his satisfying the requirements of 18 U.S.C. §3553(f), the Petitioner believes his sentence of 64 months could be reduced to 34 months.

15. Under the existing regulations of the Bureau of Prisons, the Petitioner would be eligible for release preparations as early as July of 2009.

16. The Government's position is memorialized in the letter from Assistant U.S. Attorney Anthony Scarpelli to Stephen Brennwald, Esquire, Petitioner counsel which is attached hereto as Exhibit "A" and incorporated herein by reference.

**WHEREFORE,** based on the foregoing arguments and authorities this Honorable Court is respectfully urged to reduce the Petitioner's sentence and enter a new Judgment in a Criminal Case reflecting said change in the Petitioner's sentence, and any other and further relief which this Honorable Court deems just and fair.

Dated: February    ,2008                    Respectfully submitted,

*Victor Pellot*
Victor Omar Pellot, Pro Se
Reg.No. 28487-016
P.O. Box 630
Rivers Correctional Inst.
Winton, NC  27986

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR OMAR PELLOT,            :

        Petitioner,    :

                           :

-vs-
                           :   Case No. CR-06-080-01

UNITED STATES OF AMERICA,     :   **AFFIDAVIT OF SERVICE**

        Respondent.    :

I, **Victor Omar Pellot,** affirm under penalty of perjury pursuant to 28 U.S.C.§1746 and says:

That on Februray   ,2008, I served by first class mail, pre-paid postage, one original copy of **Motion For Reduction of Sentence Basaed on Guideline Amendment Effective November 1, 2007, Concerning Cocaine-Base("Crack") and attachments** upon the following:

Anthony Scarpelli
Assistant United States Attorney
District of Columbia
Judiciary Center
555 Fourth St. N.W.
Washington, DC  20001

The envelope and its contents were given to prison officials for mailing.

/s/ *Victor Pellot*
Victor Omar Pellot, Pro Se