UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR 06-080 (RMU) |
| VICTOR OMAR PELLOT | : | |

**UNOPPOSED MOTION TO REDUCE SENTENCE**

Pursuant to 18 U.S.C. § 3582(c)(2), Mr. Victor Omar Pellot, through undersigned counsel, respectfully moves this Honorable Court to reduce his sentence of 64 months incarceration to a term of 51 months. In support of this motion, counsel states:

1. On March 27, 2007, the Court sentenced Mr. Pellot to a 64 month term of incarceration on the charge of unlawful possession with intent to distribute 50 grams or more of cocaine base. This sentence was based on a finding that the applicable sentencing range under the United States Sentencing Guidelines was 70 to 87 months (criminal history category I, offense level 27). The Court sentenced Mr. Pellot to a term of incarceration 6 months below the bottom of that range.

2. Effective November 1, 2007, the United States Sentencing Commission amended and lowered the base offense levels by two points for offenses involving crack cocaine. U.S.S.G., Supplement to Appendix C, Amendments 706, 711 (Nov. 1, 2007). Section 3582(c)(2) of Title 18 of the United States Code states that the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the

Commission." 18 U.S.C. § 3582(c)(2).  On December 11, 2007, the Sentencing Commission voted to give retroactive effect to the amendments reducing the crack cocaine sentencing ranges by adding these amendments to the list of amendments in U.S.S.G. § 1B1.10, effective March 3, 2008.

      3.  The amendments reduce the sentencing guidelines range applicable to Mr. Pellot to 57 to 71 months.  A sentence 6 months below the bottom of the new range would reduce Mr. Pellot's sentence by 13 months.  A proposed order accompanies this motion reflecting the sentence computations in Mr. Pellot's case.

      4.  Undersigned counsel has consulted with Assistant United States Attorney John Mannarino, who represented that the government does not oppose this motion.

      5. According to the Bureau of Prisons, Mr. Pellot's current projected release date is September 5, 2010.  Because the requested 13-month reduction will not result in Mr. Pellot's immediate release, the government and the Probation Office agree that neither a provision affording the Probation Office discretion to place Mr. Pellot in a halfway house while on supervised release, nor a provision affording the Bureau of Prisons an additional ten days to execute the amended sentence is necessary.  Therefore, those provisions are not included in the attached proposed order.

      WHEREFORE, for the foregoing reasons, Mr. Pellot respectfully requests that the Court reduce his sentence from a 64 month term of imprisonment to term of 51 months.  A proposed order is attached.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500